


**IT IS ORDERED as set forth below:**

**Date: September 17, 2024**

**Paul Baisier**
**U.S. Bankruptcy Court Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re:<br><br>**CLIFFORD STEVEN MOWERY,**<br><br>Debtor. | CASE NO. **23-61213-PMB**<br><br>CHAPTER 7 |
| **S. GREGORY HAYS, as Chapter 7 Trustee for the Estate of Clifford Steven Mowery,**<br><br>Plaintiff,<br><br>v.<br><br>**BRANDY M. MOWERY,**<br><br>Defendant. | ADVERSARY PROCEEDING<br><br>NO. **24-5126** |

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

S. Gregory Hays, the Plaintiff named above and Chapter 7 Trustee (the "Trustee") initiated this Adversary Proceeding (the "Adversary Proceeding") against Brandy M. Mowery, the Defendant named above (the "Defendant"), by filing a *Complaint* on June 27, 2024 (Docket No.

1)(the "Complaint"). In the two-count Complaint, the Trustee seeks authority under 11 U.S.C. § 363(h) to sell the one-half interest of the bankruptcy estate (the "Bankruptcy Estate") of the Debtor named above (the "Debtor") in certain real property located at 196 Fair Sailing Road, #25, Mount Pleasant, South Carolina (the "Property"), free and clear of any liens, claims, or interests of the Defendant. The Trustee also seeks the immediate turnover of the Property by the Defendant so that he may proceed with its marketing and sale for the benefit of the Bankruptcy Estate.

The Trustee served an alias summons and a copy of the Complaint on the Defendant on July 2, 2024.[1] *See Certificate of Service* (Docket No. 4). As reflected by the docket, to date, the Defendant has not answered or otherwise responded to the Complaint, and it does not appear that she is represented by counsel. On August 16, 2024, the Trustee filed a *Request for Entry of Default* (Docket No. 5)(the "Request") under Federal Rule of Civil Procedure 55(b), applicable herein through Federal Rule of Bankruptcy Procedure 7055. Included with the Request is the *Unsworn Declaration of Counsel for Trustee* that sets forth, among other things, that the Trustee does not believe, based on the facts as he knows them, that the Defendant is an infant, incompetent, or engaged in active military service. Based on the Defendant's failure to answer or otherwise respond to the Complaint, the Clerk entered a default on August 19, 2024 (the "Default"). Docket, *passim*.

On August 28, 2024, the Trustee filed a *Motion for Default Judgment Against Defendant* (Docket No. 6)(the "Motion") and *Memorandum of Law in Support of Motion for Default Judgment Against Defendant Brandy M. Mowery* (Docket No. 7) with an Unsworn Declaration of

[1] The address is given as 1795 Lake Dow Road, McDonough, Georgia 30252-3644. The Trustee further states he has not received the service copies returned as undeliverable.

Counsel for Trustee, as currently before the Court for decision. To date, the Defendant has not sought to set aside the Default and has not otherwise responded to the Motion, which is deemed unopposed.[2]

In the Complaint, the Trustee alleges that the Property is listed in the Debtor's schedules of assets and liabilities in Schedule A/B (Main Case Docket No. 14)[3] and in his Statement of Financial Affairs (Main Case Docket No. 15). As stated in the Complaint (¶ 14), the Debtor and the Defendant were granted ownership interests in the Property by virtue of a deed dated October 13, 2016, and recorded in the real property records of Charleston County, South Carolina on October 17, 2016, at Book 0590, Page 325. The Trustee is informed and asserts that the Debtor and the Defendant jointly own the Property, along with all improvements thereon and fixtures attached thereto.

Entry of judgment by default is discretionary, and a defendant's default does not mean there is a basis for entry of a judgment. Rather, a "sufficient basis in the pleadings" must be shown and only the "well-pled allegations of fact" can support a default judgment since a default "does not admit conclusions of law." *In re Bohanon*, 2017 WL 2634980, *1 (Bankr. N.D. Ga. June 19, 2017), *quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). As explained by the United States Supreme Court, a complaint must set forth "enough

[2] Under BLR 7007-1(c), the failure to respond to a motion indicates there is no opposition.

[3] The Debtor assigns a value of $350,000 to the Property.

facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Section 363(h) provides as follows:

> (h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if –
>
> (1) partition in kind of such property among the estate and such co-owners is impracticable;
>
> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
>
> (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
>
> (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h).

The Court finds and concludes that each of the applicable elements of Section 363(h) has been well-pleaded, deemed admitted, and sufficient to support the relief requested. The Trustee has alleged that partition in kind would not be practicable, adding that most of, if not all, the Property's benefit would be lost if the Trustee could not sell the Defendant's interest in the Property. In fact, he states that the Bankruptcy Estate would derive little to no benefit in seeking to sell an undivided one-half interest in the Property to anyone other than the Debtor or the Defendant. Further, such benefit outweighs the detriment, if any, to Defendant as a co-owner, as she has admitted that neither Debtor nor Defendant reside at the Property. Complaint at ¶ 20. The Property is also allegedly "not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power." 11 U.S.C. § 363(h)(4).

The Trustee states that under 11 U.S.C. § 363(i), either the Defendant or the Debtor may seek to purchase the Bankruptcy Estate's interest in the Property. Finally, by the Defendant's admission, based on her failure to respond, that the Trustee's interest in the Property became property of the Bankruptcy Estate upon the filing of this case, the Trustee urges that he is entitled to an order and judgment of turnover by the Defendant of her interest effective immediately.

The Court having considered the Motion, on review of the Complaint and the docket, and based on the above discussion, the Trustee has set forth a *prima facie* case against the Defendant on the counts alleged in the Complaint, and accordingly, for good cause shown, it is

**ORDERED** that the Motion is **GRANTED**, and default judgment is entered in favor of the Trustee and against the Defendant on the Complaint, and it is further

**ORDERED** that the Trustee is **authorized** to sell the interest of the Defendant and the Bankruptcy Estate in the Property under 11 U.S.C. § 363(h), and it is further

**ORDERED** that the Defendant **turnover** the Property to the Trustee as provided in 11 U.S.C. § 542 so that he may secure and enter the Property for purposes of marketing, showing, and otherwise preparing it for sale. It is further

**ORDERED** that the Trustee may seek attorneys' fees and costs on proper application therefor showing the reasonableness of same.

The Clerk is directed to serve a copy of this Order upon the Trustee, counsel for the Trustee, the Defendant, the Debtor, counsel for the Debtor, and the United States Trustee.

**[END OF DOCUMENT]**